UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

MELVIN PIERRE WARD,

            Defendant.

_____/

No. 1:12-CR-84-01

Hon. Paul L. Maloney
Chief United States District Judge

## PLEA AGREEMENT

This constitutes the Plea Agreement between MELVIN PIERRE WARD (hereinafter, "Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the Agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count One of the Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(ii)(II), and to a Supplemental Information filed by the Government pursuant to Title 21, United States Code, Section 851, alleging that Defendant has a prior "felony drug offense" within the meaning of Title 21, United States Code, Section 841(a)(1)(A).

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B)(ii)(II), as charged in Count One of the Superseding Indictment, the following must be true: that, from in or about March of 2010 to on or about March 30, 2012, in Kalamazoo County, Michigan and elsewhere, Defendant and at least one other person agreed to distribute and to possess with intent

1

to distribute cocaine; that Defendant knew the essential objective of the conspiracy, which was to make money through the unlawful sale of cocaine; that Defendant knowingly and voluntarily participated in the conspiracy; and that the conspiracy involved five hundred (500) or more grams of cocaine. To be guilty of a prior "felony drug offense" within the meaning of Title 21, United States Code, Section 841(a)(1)(A), Defendant must have been previously convicted of "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State…that prohibits or restricts conduct relating to narcotic drugs, marihuana," etc. Defendant acknowledges and admits that he is guilty of the conspiracy charged in the Superseding Indictment, and that his 2007 felony conviction for possession of cocaine in Van Buren County, Michigan, constitutes a "felony drug offense" within the meaning of Title 21, United States Code, Sections 841(a)(1)(A), 802(44), and 802(17)(D).

3.     <u>Defendant Understands the Penalties</u>.     As a result of the Supplemental Information described in Paragraph No. 1 of this Agreement, the statutory sentence that the Court can impose for this offense is not less than ten (10) years nor more than life in prison; a period of supervised release of no less than eight (8) years and up to life; a fine of up to $8,000,000; and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.     <u>Mandatory Minimum Drug Sentence</u>. Defendant understands that the statutory minimum sentence that the Court must impose in this case is ten (10) years in prison.

5.     <u>Defendant Understands Supervised Release</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any

supervised release imposed, he may be returned to prison for all or part of the term of supervised release.

6.      <u>Defendant Agrees to Cooperate</u>.  Defendant agrees to cooperate with the Drug Enforcement Administration (DEA); the Kalamazoo Valley Enforcement Team (KVET); the U.S. Attorney's Office for the Western District of Michigan, and any other law enforcement agency in their investigation of the crimes alleged in the Indictment and Superseding Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs.  Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with information which Defendant should reasonably know will assist in the investigation of other criminal activity.  Defendant will not commit any criminal offense during the course of his cooperation with the United States.  Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

7.      The Promises of the United States Attorney's Office.

A.      Dismissal of Indictments.  The U.S. Attorney's Office agrees to move to dismiss, as to Defendant, all other pending charges, other than the count of conviction as set forth in Paragraph No. 1, at the time of sentencing.   Defendant agrees, however, that in determining the sentence the Court may consider the dismissed charges in determining the applicable range under the Guidelines, where the sentence should fall within the applicable Guidelines range, and the propriety of any departure from the calculated Guidelines range.  By this Agreement Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

B.      On Acceptance of Responsibility.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Guidelines, provided Defendant qualifies under the Guidelines.  If the Court finds Defendant's adjusted offense level is sixteen or greater and awards Defendant this two-level reduction, the Government will move the Court to grant an additional one-level reduction because Defendant accepted responsibility sufficiently early in the case for the Government to avoid preparing for trial.

C.      Section 1B1.8 Protection for Proffered/Cooperative Statements.  The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer(s), and any information provided pursuant to Defendant's promise to cooperate as described in this Agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s).  It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a

4

position at sentencing that contradicts information provided by Defendant pursuant to this Agreement or any proffer agreement.  It is also expressly understood that information provided by Defendant, but also received by the Government from a source independent from Defendant's proffered statements, is admissible for any purpose at sentencing, regardless of whether the source of information provided the independent information before or after Defendant.

       8.     <u>Possibility of Sentence Reduction Motions</u>.  The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1, and/or Rule 35(b) of the Federal Rules of Criminal Procedure.  Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others.  The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office.  In deciding whether to file such a motion, the United States will take into consideration the considerable benefits conferred upon Defendant by way of Paragraph No. 7 of this Agreement.  Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence.  Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion.  Furthermore, if the Court were to grant the motion, the Court—not the Government—would decide how much of a departure or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance.  Defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. Defendant acknowledges

and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

9.      <u>The Sentencing Guidelines</u>.  Defendant understands that, although the Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.  Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.  Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory minimum and maximum penalties described elsewhere in this Agreement.  Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10.      <u>There Is No Agreement About the Final Sentencing Guidelines Range</u>.  Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.  Defendant understands that if the Court finds he has sustained two or more prior felony convictions for "crimes of violence" and/or "controlled substances offenses," as those terms are defined under the Guidelines, he may be scored as a Career Offender pursuant to Guidelines Section 4B1.1.

Case 1:12-cr-00084-PLM   ECF No. 100,  PageID.192   Filed 10/17/12   Page 7 of 11

11.   <u>Asset Forfeiture and Financial Accountability</u>.  Defendant agrees to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all monies, property or assets of any kind, involved in, derived from, acquired as a result of, or used to facilitate the commission of Defendant's illegal activities.  Defendant further agrees to forfeit all rights, title, and interest in and to such items. Defendant specifically agrees to forfeit his right, title and interest in the currency and conveyances described in the Forfeiture Allegation of the Superseding Indictment, which Defendant admits were the proceeds, or facilitated the commission, of Defendant's unlawful activities.  Defendant agrees to the entry of an order of forfeiture at or before sentencing with respect to these assets.

12.   <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, Defendant would have had the following rights:

A.   The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

B.   The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

C.   The right to confront and cross-examine witnesses against Defendant.

D.   The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

E.      The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

13.     <u>Waiver of Appeal and Collateral Attack</u>.  Defendant understands that the law affords Defendant the right to appeal the sentence imposed.  Acknowledging this, Defendant knowingly waives the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742.  Defendant also retains the right to appeal those objections preserved at sentencing that the Court incorrectly determined the final Guideline range.  In addition, Defendant retains the right to appeal a sentence that exceeds the statutory maximum or is based upon an unconstitutional factor, such as race, religion, national origin or gender.   Defendant acknowledges that this waiver is in exchange for the concessions made by the United States Attorney's Office in this Agreement, including those enumerated in Paragraph No. 7.  Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).   This Agreement does not affect in any way the right of the United States Attorney's Office to appeal the sentence imposed by the Court.

14.     <u>The Court Is Not a Party to This Agreement</u>.  Defendant understands that the Court is not a party to this Agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this Agreement. Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

15.     <u>This Agreement is Limited to the Parties</u>.  This Agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This Agreement applies only to crimes committed by Defendant.  This Agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future forfeiture or civil actions.

16.     <u>Consequences of Breach</u>.  If Defendant breaches any provision of this Agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this Agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this Agreement.  In the event that the United States elects to terminate this Agreement, the Agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this Agreement, as though no Agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his

right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this Agreement.

17.    <u>This Is the Complete Agreement</u>.  This Agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.    No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

18.    <u>Deadline for Acceptance of Agreement</u>.  If a copy of this Agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by **9 a.m. on Friday, October 19, 2012**, this Agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

PATRICK A. MILES, JR.
United States Attorney

Dated: October 17, 2012

SEAN C. MALTBIE
HEATH M. LYNCH
Assistant United States Attorneys

I have read this Plea Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement.  No promises or inducements have been made to me other than those contained in this Agreement.  No one has threatened or forced me in any way to enter into this Agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

Dated: October 17, 2012

MELVIN PIERRE WARD
Defendant
Charles E. Chamberlain, Jr.

10

I am Melvin Pierre Ward's attorney.  I have carefully discussed every part of this Agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

Dated: October 17, 2012

CHARLES E. CHAMBERLAIN, JR.
PETER A. VANGELDEREN
WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant

Melvin P. Ward

11