**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: December 12, 2013

Mr. Joseph A. Almeida
Law Office
118 McDowell Avenue
Steubenville, OH 43952-0000

Mr. Heath M. Lynch
U.S. Attorney's Office
P.O. Box 208
Grand Rapids, MI 49501

Ms. Jennifer L. McManus
U.S. Attorney's Office
P.O. Box 208
Grand Rapids, MI 49501

          Re:  Case No. 13-1460, *USA v. Melvin Ward*
               Originating Case No. : 1:12-cr-00084-1

Dear Counsel:

   The Court issued the enclosed Order today in this case.

                                                Sincerely yours,

                                                s/Jeanine R. Hance
                                                Case Manager
                                                Direct Dial No. 513-564-7037

Enclosure

No mandate to issue

No. 13-1460

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 12, 2013 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | O R D E R |
| | ) | |
| MELVIN PIERRE WARD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, SUTTON, and STRANCH, Circuit Judges.

Melvin Pierre Ward appeals his conviction for conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine. The government moves to dismiss the appeal based upon an appellate-waiver provision in Ward's written plea agreement. In particular, it asserts that Ward's constitutional challenge does not fall within the scope of the "enumeration" clause in his appellate-waiver provision—preserving his right to appeal a sentence based upon an unconstitutional factor such as race, religion, national origin, or gender. Ward opposes dismissal. He challenges the constitutionality of his sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), based on the district court's finding, by a preponderance of the evidence, of the quantity of drugs attributable to him. Consequently, he asserts that the enumeration clause should be read broadly to include his constitutional argument, citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994), in support.

A defendant may waive any right, including a constitutional right, in a plea agreement if the waiver is knowingly and voluntarily made. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012).

Nevertheless, a waiver does not bar an appeal that alleges ineffective assistance of counsel, raises a failure to comply with Federal Rule of Criminal Procedure 11, or contests the knowing and voluntary nature of the waiver. *See id.* at 377-78.

Because plea agreements are contractual in nature, we use the traditional principles of contract law to interpret and enforce them. *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011). We hold the government to a "greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in [interpreting] plea agreements" because of plea agreements' constitutional and supervisory implications. *Id.* (internal quotation marks and citation omitted). "Ambiguities in a plea agreement are therefore construed against the government, especially because the government can take steps in drafting a plea agreement to avoid imprecision." *Id.* at 360-61.

Ward's plea agreement, however, is not ambiguous. He retained "the right to appeal a sentence that exceed[ed] the statutory maximum or [was] based upon an unconstitutional factor, such as race, religion, national origin or gender." Due process prohibits consideration of certain "factors that are constitutionally impermissible or totally irrelevant to the sentencing process, such as for example the race, religion, or political affiliation of the defendant[.]" *See Zant v. Stephens*, 462 U.S. 862, 885 (1983); *c.f. Arnett v. Jackson*, 393 F.3d 681, 686-87 (6th Cir. 2005). The district court did not reference an impermissible factor in sentencing here, such as religion or national origin, but instead relied on the quantity of drugs involved in Ward's offense in determining his base offense level. This is fully consistent with the sentencing guidelines. *See* USSG § 2D1.1 (establishing the base offense level for particular quantities of controlled substances); *see also Attar*, 38 F.3d at 732 (reiterating that "a defendant who signs a general waiver of the right to appeal his sentence waives the right to appellate review of his sentence on the ground that it rest[s] on an improper application of the guidelines or a violation of a procedural rule.") (internal quotation marks omitted).

No. 13-1460
- 3 -

The motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

_____
Clerk