UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>Plaintiff,  )<br>)<br>-v-  )<br>)<br>MELVIN PIERRE WARD,  )<br>Defendant.  )<br>_____  ) | No. 1:12-cr-84<br><br>HONORABLE PAUL L. MALONEY |

# ORDER

This matter is before the Court on Defendant Melvin Ward's motion for a reduction of sentence under Amendment 782 and 18 U.S.C. § 3582. (ECF No. 288.) The U.S. Probation Office found him "to be ineligible for consideration of modification of sentence under 18 U.S.C. § 3582(c)(2), because the guideline range at sentencing was determined based on the defendant's status as a career offender." (ECF No. 293 at PageID.1317.) Defendant filed an objection (ECF No. 296), and the Government filed a response to the objection. (ECF No. 305.)

On March 27, 2013, the Court conducted a sentencing hearing; the Court heard argument on Defendant's remaining objection and ultimately sustained it, which resulted in a final guideline range of 262 to 327 months, based on a final offense level of 34 and criminal history category VI. (ECF No. 240.) The Court considered Defendant's variance motion and the sentencing factors, referencing Defendant's career-offender status several times. (*Id.*)

Going into his sentencing hearing, the offense level calculated under U.S.S.G. § 2D1.1 would have been higher than the offense level under U.S.S.G. § 4B1.1 (ECF No. 205); however, the Court sustained Defendant's objection, and the final objection meant that the offense level was 34. (ECF No. 240.) The Court's holding made certain that no matter which guideline

provision applied, Defendant's final range was 262 to 327 months. (*Id.*) The Court also made clear—and does so once again—that the final sentencing determination was based on Defendant's career-offender status. (*Id.*)

Defendant essentially argues that the Court failed to "check the box" on the judgment indicating that his sentence was based on the career-offender guideline; this omission, he argues, is evidence that the Court actually intended to sentence him based on U.S.S.G. § 2D1.1. The transcript of the sentencing, however, makes it abundantly clear that Defendant's sentence was based upon his career-offender status. (*See, e.g.*, ECF No. 240 at PageID.1003 ("He is a career offender under the guidelines—by operation of the career offender guideline . . . ."); PageID.1004 ("In addition to being a career offender under the guidelines . . . .") ("Unfortunately, he has earned his label under the guidelines as a career offender, and he is at the top category of criminal history offenders that the Court sees in this district.").)

But even assuming that the Court actually based Defendant's sentence on § 2D1.1, a defendant's career-offender status effectively creates a floor for his offense level and ensures that his advisory guideline range could be no lower than that applicable to a career offender. Under circumstances such as these, a defendant's career-offender status may bar (or merely limit) relief under a retroactive amendment. *See, e.g., U.S. v. Tellis*, 748 F.3d 1305 (11th Cir. 2014) (rejecting an argument that the career-offender provision could not apply because it had not been relevant at the original sentencing); *U.S. v. Williams*, 2015 WL 1607967, at *2–3 (N.D. Ill. 2015) ("Permitting Williams to now evade the higher career offender sentencing guidelines—which are and have always been applicable to him—would risk underrepresenting his status as a career offender and creating undesirable disparities between him and similarly situated offenders.").

Thus, the Court finds that even if it had sentenced Defendant under § 2D1.1, relief would not be appropriate under these circumstances when considering the appropriate guidelines.[1] The Seventh Circuit has explained what a court may consider under these circumstances:

> On appeal Hubbard argues that the district court inappropriately "resentenced" him by applying the career-offender guideline because the court should have applied the drug-quantity guideline as it did at his sentencing. We disagree. A district court may modify an imprisonment term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced" and leave "all other guidelines application decisions unaffected." U.S.S.G. § 1B1.10; see *United States v. Wren,* 706 F.3d 861, 863 (7th Cir.2013); *United States v. Williams,* 694 F.3d 917, 918–19 (7th Cir.2012); *United States v. Jones,* 596 F.3d 273, 277 (5th Cir.2010). At his original sentencing, Hubbard qualified as a career offender, but was sentenced under U.S.S.G. § 2D1.1 only because the drug-quantity guidelines provided a higher offense level (35) than the career-offender enhanced level under U.S.S.G. § 4B1.1 (34). But if Amendment 750 had been in effect at the time of the original sentencing, Hubbard would have been sentenced as a career offender, a designation which remains unchanged, because the enhanced offense level of 34 under § 4B1.1(b) would have been higher than the amended offense level of 31 provided by § 2D1.1(c)(3) (2011). The district court thus did not err in applying the higher of the two offense levels.

*U.S. v. Hubbard*, 508 Fed. App'x 561, 562 (7th Cir. 2013).

No matter how the Court's judgment is sliced, Defendant is not entitled to relief. The motion is **DENIED**.

Date: November 1, 2016          /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge

---

[1] Accordingly, a corrected judgment under Fed. R. Crim. P. 36 is not necessary under these circumstances.