UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>Plaintiff,  )<br>  )<br>-v-  )<br>  )<br>MELVIN PIERRE WARD,  )<br>Defendant.  )<br>_____  ) | No. 1:12-cr-84<br><br>HONORABLE PAUL L. MALONEY |

## OPINION

This matter is before the Court on Defendant Melvin Pierre Ward's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 271.) On October 19, 2012, Defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine. (ECF No. 112.) Defendant's motion asserts four grounds which he alleges entitle him to relief: (1) prosecutorial misconduct and vindictive prosecution, (2) ineffective assistance of defense counsel, (3) ineffective assistance of appellate counsel, and (4) abuse of discretion at sentencing. (ECF No. 271.)

For the reasons discussed below, Defendant's motion will be denied as meritless.

### I.   Background

On April 10, 2012, a grand jury indicted Defendant, along with three co-conspirators, on charges of conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession with intent to distribute cocaine. (ECF No. 29.) On May 10, 2012, a superseding indictment was filed, adding a fourth co-conspirator and modifying the offense dates for count one. (ECF No. 49.) On August 9, 2012, a second superseding indictment was

filed, modifying the dates for count one and the amount of cocaine on count two. (ECF No. 107.)

On October 17, 2012, Defendant entered into a plea agreement with the United States. (ECF No. 100.) Pursuant to the plea agreement, Defendant pled guilty to count one of the first superseding indictment, the conspiracy charge, on October 19, 2012. (ECF No. 112.) In exchange, the U.S. Attorney's Office agreed to dismiss the remaining charges against Defendant, not oppose Defendant's motion for a two-level deduction for acceptance of responsibility, and consider filing a motion for departure or reduction of sentence under U.S.S.G. § 5k1.1 if Defendant fully cooperated with the government in further drug investigations. (ECF No. 100 at PageID.189–90.)

On January 23, 2013, the initial presentence report was prepared for the Court. (ECF No. 159.) The report calculated Defendant's base offense level at 34, based on a finding that Defendant was responsible for trafficking an estimated total of 16 kilograms of cocaine over the course of the conspiracy.[1] (*Id.* at PageID.401.) The report determined the total drug quantity based on information presented in proffered statements by Defendant and his co-conspirators. (*Id.* at PageID.389–98) Defendant's total offense level, after enhancements and deductions,[2] was calculated at 37 with a criminal history category of VI. (*Id.* at PageID.402, 421.) Defendant filed several objections to the initial presentence report, challenging the

---

[1] The report indicated that this calculation was a conservative estimate. (ECF No. 159 at PageID.398.) Although Defendant participated in the conspiracy from March 2010 until its end on March 20, 2012, the specific drug quantities trafficked prior to December 2011 could not be determined or corroborated. (*Id.*) Accordingly, Defendant was only held responsible for the amount of cocaine trafficked between December 2011 and March 2012: 500 grams biweekly over the course of 16 weeks for a total of 16 kilograms. (*Id.*)

[2] Defendant received a four-level enhancement for his leadership role, a two-level enhancement for maintaining a premises for drug trafficking, and a three-level reduction for acceptance of responsibility. (ECF No. 159 at PageID.401–02.)

2

proffered statements of his co-conspirators, the total quantity of cocaine attributed to him based on those statements, his leadership role enhancement, and his enhancement for maintaining a premises for drug trafficking. (ECF No. 167.) The final presentencing report, which reduced Defendants four-point leadership role enhancement to a three-point supervisor role, resulting in a total offense level of 36, was filed on March 18, 2013. (ECF No. 205.)

At sentencing, Defendant withdrew his objection to the drug-quantity calculation, and only argued his objection to the drug-premises enhancement. (ECF No. 240 at PageID.985.) The Court sustained the objection, reducing Defendant's final offense level to 34 with a criminal history category of VI. (*Id.* at PageID.995.) Defendant's final sentencing guideline range was 262 to 327 months. (*Id.*) The Court sentenced Defendant to a mid-range term of 300 months taking into account Defendant's extensive criminal history. (*Id.* at PageID.1006.)

On April 4, 2013, Defendant filed a notice of appeal to the Sixth Circuit. (ECF No. 217.) The Sixth Circuit dismissed Defendant's appeal, on the government's motion, based on the appellate-waiver clause of his plea agreement. (ECF No. 254.) Defendant filed the instant motion on December 10, 2014. (ECF No. 271.)

II.     **Legal Framework**

To obtain relief under § 2255, a defendant must show: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the defendant shows either (1) cause and actual prejudice, or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Id.* at 504. Further, when a defendant fails to raise an objection to sentencings before the District Court, the defendant forfeits any challenge of the sentence, on those grounds, on appeal. *See United States v. Olano*, 507 U.S. 725, 731 (1993) (holding errors not timely raised before district court are forfeited); *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir. 1996) ("Generally, a failure to object at sentencing forfeits any challenge to the sentence on appeal."). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 164–65 (1982).

Claims may also be barred by a waiver of collateral attack contained in a plea agreement. The Sixth Circuit has held that "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *see also Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."). A collateral attack waiver, however, does not bar a defendant from bringing any § 2255 motion. *Watson*, 165 F.3d at 489. Even when a plea agreement contains a collateral attack waiver, a defendant may bring a claim that challenges the validity of the waiver, such as a claim of ineffective assistance

4

of counsel or involuntariness of waiver. *See id.* "[I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422.

### III. Analysis

As an initial matter, the Court determines that an evidentiary hearing is not necessary. "[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *United States v. Arredondo*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). As the Court will demonstrate, each of Defendant's factual assertions are simply "contradicted by the record" or are "conclusions rather than statements of fact." *See id.* In light of the record and the Court's recollection of these proceedings, Defendant has raised no question of fact that necessitates a hearing.

#### A. Vindictive Prosecution

Defendant first claims that his Fifth Amendment right to due process of law was violated by a "vindictive prosecution." (ECF No. 271 at PageID.1191.) Defendant asserts that the U.S. Attorney's Office breached his plea agreement because he pled guilty to "500 grams but less than 2 kilograms of cocaine," but was held responsible for 16 kilograms at sentencing, and that the alleged breach amounted to prosecutorial misconduct and vindictive prosecution. Defendant's first claim fails on several grounds.

First, Defendant failed to raise his vindictive prosecution claim at any point prior to filing the instant motion. Defendant made no mention of a claim of vindictive prosecution at sentencing and even withdrew his objection to the quantity of cocaine he was held responsible for, which is now the primary basis for the vindictive prosecution claim. Accordingly, Defendant's claim is procedurally defaulted. "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167–68. Defendant has made no showing of cause or actual prejudice and merely advances unsupported assertions that his plea agreement was violated and the violation amounted to vindictive prosecution.

Second, Defendant waived his right to collaterally attack his sentence in his plea agreement. (ECF No. 100 at PageID.193.) As such, since this claim does not attack the validity of the waiver, it is barred by the waiver.

Finally, even assuming this claim was not procedurally defaulted or waived, it lacks any merit. Defendant has failed to establish any of the elements for a claim of vindictive prosecution.

In *United States v. Suarez*, the Sixth Circuit established that in order to successfully assert vindictive prosecution a defendant must show: "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; [and] (4) the intent to punish the defendant for exercise of the protected right." 263 F.3d 468, 479 (6th Cir. 2001). When "the first three elements are present," a rebuttable

6

presumption attaches to the fourth. *Id.* The burden, however, first falls on a defendant to establish a "realistic likelihood of vindictiveness." *See id.*

Defendant fails out of the gate with respect to the first two elements. First, Defendant fails to allege that he exercised any protected right or that the U.S. Attorney's Office had any stake in the assertion of a protected right. (ECF No. 271-272.) Second, while Defendant's motion baldly alleges unreasonable prosecutorial conduct, the facts alleged are utterly unsupported by the record.

Moving to the third element, Defendant alleges the prosecutor unreasonably breached the plea agreement because he pled guilty to trafficking between 500 grams and two kilograms of cocaine but was sentenced based on 16 kilograms. (ECF No. 271 at PageID.1191.) Defendant, however, conflates the statutory threshold for conviction, 500 grams or more, and the drug quantity threshold used in determining the base offense level under the Sentencing Guidelines. Defendant's plea agreement contains no promises as to the amount of cocaine that Defendant would be held responsible for at sentencing. Defendant pled guilty to 500 grams *or more* not to "500 grams but less than 2 kilograms," as he asserts. (ECF No. 100, 271.) The 500 grams serve as a statutory minimum that must be met for conviction, but Defendant could have been held responsible for any amount of cocaine over 500 grams for the purposes of sentencing. *See, e.g., United States v. Denaro*, 90 F. App'x 555, 558 (4th Cir. 2004) (citing *United States v. Perez-Ruiz*, 353 F.3d 1, 15 (1st Cir. 2003)) ("[W]hen an indictment alleges a drug quantity of 'at least' a specified amount, the sentencing court is free to attribute whatever drug quantity the evidence warrants to a

defendant as long as the defendant's sentence does not exceed the applicable statutory maximum sentence.").

In sum, Defendant procedurally defaulted and waived his first claim, but even if he did not, the claim lacks any merit.

### B.     Ineffective Assistance Counsel

Defendant next claims that his attorneys, both defense and appellate, provided ineffective assistance of counsel in violation of the Sixth Amendment's guarantee to effective assistance of counsel. U.S. CONST. amend. VI. The standard for ineffective assistance of counsel, as established in *Strickland v. Washington,* requires a defendant to prove (1) that defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the unprofessional errors, the outcome of the proceedings would have been different. 466 U.S. 668, 694 (1984). Either prong may be addressed first, and the failure to demonstrate prejudice obviates the need for the Court to address the counsel performance prong, and vice versa. *Id.* at 697. The burden is on the defendant to prove that his counsel provided ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

When considering whether counsel's performance fell below an objective standard of reasonableness, courts must "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (citing *Strickland*, 466 U.S. at 688). The defendant has the burden to show that counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

8

To establish ineffective assistance, the defendant must show that his counsel's representation was incompetent under prevailing professional norms, not merely that it deviated from best practices or common custom, and that the conduct was not sound trial strategy. *Strickland*, 466 U.S. at 690. Courts must be highly deferential and consider the circumstances of the attorney's conduct at the time of the performance, not with the benefit of hindsight. *Id.* at 689. It is especially difficult to challenge strategic decisions made after a thorough investigation of the relevant law and facts; such decisions are "virtually unchallengeable." *Rayborn v. United States*, 489 F. App'x 871 (6th Cir. 2012) (citing *Strickland*, 466 U.S. at 690). Defendants cannot compel their attorneys to assert even non-frivolous arguments if counsel decides not to press those points as a matter of professional judgment. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

### 1.   Ineffective Assistance of Trial Counsel

Defendant first asserts that he suffered from ineffective assistance of counsel because his defense attorney "denied and deprived to preserve and protect defendant's plea agreement . . . ." (ECF No. 271 at PageID1192.) Defendant's argument, however, is incoherent and presents no factual basis for his claim. Defendant's attorney did not fail to protect his plea agreement as the plea agreement was never violated. *See supra* Part III.A. His attorney made every good faith effort to minimize Defendant's sentence that could be raised at the time. Indeed, counsel scored a rare victory at sentencing by successfully arguing that Defendant's two-level enhancement for maintaining a premises for drug trafficking was inappropriate. (*See* ECF No. 240 at PageID.995.) Defendant's counsel withdrew the objection related to quantity at sentencing, but there were ample reasons to do so. For

example, cooperators and co-defendants generally had established the higher quantity and Defendant himself admitted in proffers to trafficking nearly as much as cooperators said he had. In addition, it is well within common strategy to focus on stronger objections and withdraw meritless objections at sentencing. (*See* ECF No. 287 at PageID.1289-92.)

In sum, Defendant has unreservedly failed to establish that his defense attorney's conduct deviated from the "wide range of reasonable professional assistance." *Premo*, 562 U.S. at 122. Accordingly, Defendants second claim fails.

### 2. Ineffective Assistance of Appellate Counsel

Defendant next claims that he suffered from ineffective assistance of appellate counsel. (ECF No. 271 at PageID1193.) Defendant's third claim is essentially the same as his second, and is equally devoid of any factual support. Defendant asserts that his appellate counsel hindered his ability to directly appeal his sentence by not protecting him from "intrusion and/or invasion of his plea agreement . . . ." (*Id.*) As stated above, however, Defendant's plea agreement was never violated and could not have been protected from "intrusion and/or invasion" because it was never subject to any intrusion or invasion. *See supra* Part III.A. "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004.) Here, it can be fairly said that Defendant's issue had *no* probability of success on appeal.

Therefore, Defendant's third claim fails.

### C. Abuse of Discretion

Last, Defendant claims that the Court abused its discretion to enhance his sentence. (*Id.*) However, Defendant has not presented any cognizable constitutional claim against the sentence imposed. Despite asserting that the Court violated his "[c]onstitutional, [f]undamental and [s]ubstantial rights," (ECF No. 272 at PageID1219), Defendant presents no basis to support his claim that the Court erred. The Court imposed a guideline sentence in the middle of the guideline range; the sentence was not above the statutory maximum of life imprisonment; the Court did not take into account any unconstitutional factors when sentencing Defendant. (ECF No. 240.) Defendant merely advances empty legal conclusions that his rights were violated without any factual support. Further, if Defendant is attempting to argue that the Court committed a guideline error, that claim also fails. Outside of extraordinary circumstances, claims of nonconstitutional error in sentencing cannot be raised in a § 2255 motion. *See Hawkins v. United States*, 706 F.3d 820, 823–24 (7th Cir. 2013).

Therefore, Defendant's fourth claim fails.

## IV. Conclusion

In short, Defendant presents incoherent arguments that amount to nothing more than blanket assertions that his rights were violated with no factual backing.

CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2255 Proceedings, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

A certificate of appealability is not appropriate in case because reasonable jurists could not debate that each of Defendant's claims should have been resolved in a different manner or are adequate to deserve further deliberation. Defendant's vindictive prosecution claim is procedurally defaulted, waived, and utterly lacks merit; Defendant's ineffective assistance claims utterly lack merit; and Defendant's claim that the Court abused its discretion at sentencing is procedurally defaulted, waived, and utterly lacks merit.

## ORDER

For the reasons stated in the accompanying Opinion, Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**. (ECF No. 271.)

**IT IS SO ORDERED.**

**Date:** June 30, 2017             /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge