## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: September 01, 2017

Mr. Daniel R. Fagan
Daniel R. Fagan & Associates
429 Turner Avenue, N.W.
Grand Rapids, MI 49504

Ms. Jennifer L. McManus
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

Re: Case No. 16-2618, *USA v. Melvin Ward*
Originating Case No. : 1:12-cr-00084-1

Dear Counsel,

The Court issued the enclosed order today in this case.

Sincerely yours,

s/Cheryl Borkowski
Case Manager
Direct Dial No. 513-564-7035

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 16-2618

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────────┐
│              FILED              │
│          Sep 01, 2017           │
│      DEBORAH S. HUNT, Clerk     │
└─────────────────────────────────┘
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| MELVIN PIERRE WARD, | ) THE WESTERN DISTRICT OF |
| | ) MICHIGAN |
|     Defendant-Appellant. | ) |
| | ) |

<u>O R D E R</u>

Before:  GIBBONS, SUTTON, and THAPAR, Circuit Judges.

Melvin Pierre Ward, a federal prisoner proceeding through counsel, appeals an order of the district court denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In October 2012 Ward pleaded guilty, pursuant to a written plea agreement, to one charge of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II).  The district court determined that Ward was a career offender, based upon two prior Michigan convictions for delivery and manufacture of cocaine, and sentenced him to 300 months of imprisonment.  Ward appealed, and we dismissed that appeal because Ward waived his right to appeal in his plea agreement. *United States v. Ward*, No. 13-1460 (6th Cir. December 12, 2013) (order).

No. 16-2618
- 2 -

In April 2015, Ward filed a pro se § 3582(c)(2) motion for reduction or modification of his sentence under Amendment 782. The probation officer reported that Ward was ineligible for the reduction because he was sentenced under the career offender guideline. Ward objected and, assisted by counsel, argued that he was sentenced under the drug guideline, USSG § 2D1.1, not the career offender guideline.

The district court denied the § 3582(c)(2) motion because the sentencing transcript showed that Ward was sentenced as a career offender and, even if Ward had been sentenced under § 2D1.1, he would still be ineligible for a sentence reduction.

On appeal, Ward concedes that he is not eligible for a sentence reduction, but suggests that his status as a career offender could change in the future.

We review a district court's decision to deny a § 3582(c)(2) reduction in sentence to a prisoner eligible for such a reduction for an abuse of discretion. *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013). An abuse of discretion occurs when a district court "relies on clearly erroneous findings of fact, applies the law improperly, or applies the incorrect legal standard." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010).

As Ward concedes, his career offender status renders him ineligible for a § 3582(c)(2) sentence reduction. And Ward may not use § 3582(c)(2) proceedings to relitigate his status as a career offender because they are not full resentencings and "authorize only a limited adjustment to an otherwise final sentence." *Dillon v. United States*, 560 U.S. 817, 825-28 (2010). Therefore, the district court's decision was not an abuse of discretion.

Accordingly, we **AFFIRM** the district court's order.


ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk