UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|     Plaintiff,       ) | |
| ) | No. 1:12-cr-84 |
| v.       ) | |
| ) | Honorable Paul L. Maloney |
| MELVIN PIERRE WARD,       ) | |
|     Defendant.       ) | |
| ) | |

### ORDER DENYING MOTIONS FOR THE APPOINTMENT OF COUNSEL AND FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant's motions for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 434), and for the appointment of counsel, (ECF No. 438). Sentence modification is available only under "extraordinary and compelling" circumstances, and even then, certain circumstances cannot be considered. Defendant argues that U.S.S.G. § 1B1.13(b)(6) qualifies his circumstances as extraordinary and compelling, but binding authority from the Sixth Circuit precludes consideration of arguments founded on that section of the guidelines. Appointed counsel could not fix that fundamental problem with Defendant's position. His motions will thus be denied.

### I.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). Under 18 U.S.C. § 3582(c)(1)(A)(i), those circumstances must be "extraordinary and compelling." Courts conduct a three-part inquiry under the statute, asking: (1) whether extraordinary and compelling reasons warrant a reduced sentence; (2) whether a reduction

1

would be consistent with any relevant policy statement; and (3) whether the § 3553(a) factors support a sentence reduction. *United States v. Ruffin*, 978 F.3d 1000, 1001-05 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). If a defendant fails at any step, the court's inquiry ends. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Courts may not consider any facts that existed at sentencing and must solely consider "post-sentencing factual developments." *Hunter*, 12 F.4th at 569. Defendants have no constitutional or statutory right to counsel in seeking a reduced sentence under the statute. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).

## II.

Defendant pleaded guilty to conspiring to possess with intent to distribute, and to distribute, 500 grams or more of cocaine. Defendant is a career offender because of the instant offense and two prior Michigan convictions for delivery and manufacture of cocaine. He was sentenced to 300 months of imprisonment.

## III.

Defendant's primary argument is that U.S.S.G. § 1B1.13(b)(6) supports a reduction in his sentence because his sentence may be different were it calculated today. (*See* ECF No. 434 at PageID.2183-84; ECF No. 434-1 at PageID.2198; ECF No. 439 at PageID.2241-42). Assuming this is true, Defendant cites no *retroactive* change in the law, so relying on this section of the guidelines, and this argument generally, is off-limits under binding Sixth Circuit precedent. *See Bricker*, 135 F.4th at 450 (holding that § 1B1.13(b)(6) is invalid). It cannot permissibly be part of the Court's analysis. *Id.* at 445. Further, it is not clear there has been a change in the law favorable to Defendant at all. While there was a brief period in which

conspiracy crimes were not considered controlled substance offenses for the purposes of the career offender provisions of the Guidelines, that period ended when the Guidelines were revised to explicitly include inchoate offenses, including conspiracy. *See United States v. Dorsey*, 91 F.4th 453, 459 (6th Cir. 2024) (discussing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) and the subsequent, responsive changes in the Guideline wording). Thus, if Defendant were sentenced today, his sentence would be the same, as his instant conspiracy conviction would qualify as a controlled substance offense; even if the Court could consider an argument rooted in § 1B1.13(b)(6), the argument would not help Defendant.

In his memorandum of support, Defendant cites three unpublished cases from District Courts in the Sixth Circuit, none of which grapple with the issues identified above. To begin with, all three were issued in 2020, during the height of the COVID-19 pandemic, and relied on COVID-related arguments. *See United States v. Perry*, No. 11-20677, 2020 WL 7024915, at *4 (E.D. Mich. Nov. 30, 2020) (explaining that the Court need not decide the career offender issues because the defendant's risk of serious illness from COVID-19 was sufficient to find extraordinary and compelling circumstances); *United States v. Wahid*, No. 1:14-cr-00214, 2020 WL 4734409, at *3 (N.D. Ohio Aug. 14, 2020) (citing COVID-19 as one of the reasons supporting the finding of extraordinary and compelling circumstances); *United States v. McClellan*, No. 1:92 CR 268, 2020 WL 2933588, at *2-3 (N.D. Ohio June 3, 2020) (citing COVID-19 and the defendant's rehabilitation as relevant factors). They were also decided before *Bricker* and before *Dorsey*'s recognition that *Havis* was superseded by updated Guideline wording. The Court is thus not persuaded that these cases apply the current law of the Sixth Circuit or that they are factually apposite.

Defendant also provides evidence of his rehabilitation. The Court encourages Defendant to continue seeking programming to help him improve himself and to continue fostering connections to his family. However, rehabilitation by itself cannot serve as an adequate "extraordinary and compelling" reason to alter a sentence. *Hunter*, 12 F.4th at 563. Having found no extraordinary and compelling reasons to alter the sentence, the Court need not address the other steps of the test. *Elias*, 984 F.3d at 519.

As to Defendant's request for the appointment of an attorney, the Court does not find that to be warranted based on Defendant's filings to date. He has currently only identified non-retroactive legal developments, which the Court may not consider at all, and his rehabilitation, which the Court cannot consider on its own, as bases for reducing his sentence. An appointed attorney could not help him get around these issues. Additionally, Defendant filed with his motion a letter from ALERT 2020, (ECF No. 434-1 at PageID.2189-98), apparently indicating that Defendant is attempting to arrange for his own legal representation.

### IV.

Defendant relies on non-retroactive legal developments which the Court may not consider at all, and rehabilitation which the Court cannot consider by itself. No attorney could find a way around those problems. The motions (ECF Nos. 434, 438) are thus **DENIED**.

**IT IS SO ORDERED.**

Date: January 29, 2026                              /s/ Paul L. Maloney
                                                                                        Paul L. Maloney
                                                                                        United States District Judge